UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD JOHNSON,           )
                                )
        Plaintiff,               )
                                )
    v.                           )   CAUSE NO. 3:13-CV-223 RM
                                )
                                )
MICHAEL MITCHEFF,                )
                                )
        Defendant.               )

OPINION AND ORDER

James Edward Johnson, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 7.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive this review, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Johnson alleges that Dr. Michael Mitcheff, regional medical director for the Indiana Department of Correction ("IDOC"), denied him adequate medical care. According to the complaint, Mr. Johnson was seen at an outside hospital in March 2011 for a broken jaw that wasn't healing properly. He alleges that he was referred to a neurologist, but claims Dr. Mitcheff has refused to approve the referral or other proper treatment. He claims that his jaw still hasn't healed correctly. He further alleges that in May 2011, x-rays revealed that he has degenerative disc disease and other spine problems. He claims that he was referred for further evaluation and treatment, but none were provided, even though he continues to experience pain from these conditions. Finally, he claims that in April 2012, he was diagnosed with abdominal and lower back problems after he had blood in his urine. He claims that further evaluation and treatment was recommended, but "nothing was done as a result of these diagnoses." Mr. Johnson alleges that Dr. Mitcheff, as the final decision-maker regarding inmate medical care, "automatically denie[d] anything that was costly." He claims the doctor has failed to provide him with adequate treatment for his medical problems and failed to provide him with proper medication to control his pain due to these conditions.

To establish liability for the denial of medical care under the Eighth Amendment, a prisoner must show: (1) he had an objectively serious medical need; and (2) an official acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the

need for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

Mr. Johnson alleges that he has medical conditions that have been diagnosed by doctors, and that he suffers ongoing pain as a result of these conditions. Giving Mr. Johnson the inferences to which he is entitled at this stage, he has alleged a serious medical need. On the second prong, he alleges that Dr. Mitcheff has refused to approve further treatment for these conditions despite the recommendations of medical professionals, and has refused to provide medication to alleviate his pain. Taking these allegations as true, he has alleged a plausible deliberate indifference claim against Dr. Mitcheff.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on a claim against Dr. Michael Mitcheff in his individual capacity for monetary damages, and in his official

3

capacity for injunctive relief, for denying him proper medical care in violation of the Eighth Amendment;

(2) DISMISSES any and all other claims contained in the complaint;

(3) DIRECTS the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Michael Mitcheff; and

(4) ORDERS Dr. Michael Mitcheff to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May  13 , 2013

                                            Robert L. Miller, Jr.  
                                          Judge  
                                          United States District Court