UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES E. JOHNSON, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:13-CV-223 RLM ) |
| MICHAEL A. MITCHEFF, | ) ) |
| Defendant | ) |

OPINION AND ORDER

James Johnson, who was initially proceeding *pro se* but now has counsel, brought suit under 42 U.S.C. § 1983 against Michael A. Mitcheff, regional medical director for the Indiana Department of Correction ("IDOC"), alleging that Dr. Mitcheff denied him adequate medical care in violation of the Eighth Amendment to the United States Constitution. Dr. Mitcheff has moved for summary judgment on Mr. Johnson's claims relating to his degenerative disc diagnosis, *see* Amd. Compl., ¶ 3, and the lack of a follow-up on his April 25, 2012 X-ray, *see* Amd. Compl., ¶ 4, based on Mr. Johnson's failure to exhaust his administrative remedies on those two claims. The court concludes that Dr. Mitcheff's motion must be granted.

FACTS

Mr. Johnson alleges in his amended complaint that in March 2011, while in IDOC custody, he went to an outside hospital to be seen about his broken jaw, which Mr. Johnson says wasn't healing "as fast as it should have." Amd. Compl., ¶ 1. Mr. Johnson says the oral surgeon who examined him recommended that he be referred to a neurologist, but he was never seen by a neurology specialist. Mr. Johnson next alleges that in May 2011, X-rays revealed that he suffers from degenerative disc disease. He says he was referred for further evaluation and treatment, but no such services were provided and his "degenerative vertabraes were not cared for." Amd. Compl., ¶ 3. Mr. Johnson lastly alleges that he was diagnosed with abdominal and lower back problems in April 2012 and further evaluation and treatment were recommended, but nothing was done in connection with those diagnoses. Mr. Johnson concludes that Dr. Mitcheff didn't take any of the other doctors' recommendations into consideration, automatically denied "anything that was costly," and failed to provide proper medical treatment.

Dr. Mitcheff has moved for partial summary judgment on Mr. Johnson's claims related to his disc (amd. compl., ¶ 3) and abdominal (amd. compl., ¶ 4) issues because Mr. Johnson didn't timely exhaust his administrative remedies. In response, Mr. Johnson concedes that the claims contained in paragraphs 3 and 4 of his amended complaint are no longer in contention, *see* Resp., at 2, but he disputes Dr. Mitcheff's conclusion that the only claim on which he should be allowed to proceed is that he wasn't referred to a neurologist about his jaw. Mr. Johnson says paragraphs 5-7 of his amended complaint set forth separate claims

relating to the denial of adequate pain management and pain medication by Dr. Mitcheff. Mr. Johnson maintains he properly exhausted his administrative remedies on those claims and so should be allowed to proceed on his denial of adequate pain management and pain medication claims.

Based on Mr. Johnson's withdrawal of some of his clams, Dr. Mitcheff is entitled to judgment on the claims in paragraphs 3 and 4 relating to Mr. Johnson's spinal and abdominal conditions, leaving for the court's determination the question of whether Mr. Johnson has set forth independent claims in paragraphs 5-7 of the amended complaint and, if so, whether he exhausted his administrative remedies on those claims.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, 477 U.S. at 255; Weigle v. SPX Corp., 729 F.3d 724, 730 (7th Cir. 2013). The existence

3

of an alleged factual dispute, by itself, will not defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* FED. R. CIV. P. 56(e)(2). "[S]ummary judgment is 'not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Steen v. Myers, 486 F.3d 1017, 1022 (7th Cir. 2007)*(quoting* Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005)).

DISCUSSION

*Grievances Submitted by Mr. Johnson*

Dr. Mitcheff submitted the affidavit of April Valdez, grievance officer/specialist at the Miami Correctional Facility, who reports that during the period January 2011 through December 2012, Mr. Johnson submitted three grievances – two in 2011 while at the Miami Correctional Facility and one in 2012 at the Indiana State Prison. Deft. Exh. 1, ¶¶ 12-15. The grievances relevant to this action are No. 66283 and No. 64868, submitted initially and on appeal by Mr. Johnson at the Miami Correctional Facility. *See* Deft. Exh. 1, Attachments C & D.

4

In June 2011, Mr. Johnson submitted Grievance No. 66283 challenging the treatment he received for his broken jaw – he complained about the pain during his treatment, the denial of a neurology referral, and the offering of alternative pain medication that Mr. Johnson disagreed with and refused to take. *See* Deft. Exh. 1, Attachment C. Mr. Johnson's July 2011 grievance, No. 67868, repeats his complaints about the medical treatment he was getting for his jaw – his renewed claims that proper pain medications weren't being provided to him, which resulted in his continuing pain, and that he needed to be treated by a specialist. *See* Deft. Exh. 1, Attachment D.

*Claims of the Amended Complaint*

Dr. Mitcheff maintains Mr. Johnson's amended complaint doesn't include separate claims for the denial of pain management and/or pain medication. According to Dr. Mitcheff, the language of paragraphs 5-7 makes clear that Mr. Johnson's claims of inadequate pain management and medication aren't separate claims but, instead, relate to the claims found in paragraphs 2-4. According to Dr. Mitcheff, because Mr. Johnson has withdrawn his claims in paragraphs 3 and 4, any claims he might have with respect to the lack of pain management and medication are related to, and must be limited to, the issue of his broken jaw.

Mr. Johnson says that paragraphs 6 and 7, when read together and in conjunction with his Grievance and Grievance Appeal forms, confirm that he has asserted a separate claim for denial of adequate medical care through the denial

of adequate pain management medication. Mr. Johnson asserts that the combination of his allegations in paragraphs 2, 6, and 7 reflect that his claim relating to the denial of adequate medical care goes beyond the issue of his broken jaw to include his complaint that he wasn't referred to a neurology specialist. He concludes that three claims remain: the refusal to allow him to be seen by a neurologist, the denial of adequate pain management care, and the denial of adequate pain medication.

The court can't agree with Mr. Johnson's assessment of his claims. The relevant paragraphs of his amended complaint read as follows:

> 1. On 3/15/2011 I saw J. O'Neill, DDS, regarding my recent broken jaw. This happened at Wishard Memorial Hospital. My jaw was not healing as fast as it should have.
> 2. On 4/12/2011 I was referred to neurology for further assistance regarding my jaw. . . . I never saw a neurology specialist as a result.
>
> \* \* \*
>
> 5. As a result of the above stated paragraphs, I was denied adequate medical care at those times. Thus, resulting in cruel punishment towards myself.
> 6. All claims result in being denied proper medical care by Michael Mitcheff, who works for Corizon. My pain was not treated with adequate medical care. Mr. Mitcheff always denies what doctors recommend if it involves some sort of pain medication. The defendant is liable for misconduct alleged.
> 7. These claims are related due to the fact in the end Mr. Mitcheff is the person who denies my pain management medication. It doesn't matter which prison I was at due to Mr. Mitcheff always had final decision making for Corizon Medical Services.
> 8. Mr. Mitcheff and Corizon Medical Services are liable for misconduct alleged. None of the enclosed doctors' recommendations were taken into consideration. Mr. Mitcheff just automatically denies anything that was costly.
> 9. All the above claims are true and correct. They're all related due to Mr. Mitcheff's denials of proper medical treatment. The result

of Mr. Mitcheff's decisions are continual physical pain ongoing and untreated.

Mr. Johnson specifically states in paragraphs 5-7 that his claims of inadequate medical care and pain medication relate to the claims presented earlier in the complaint, *i.e.*, the care (or lack of care) he received for his broken jaw (¶¶ 1-2), rather than presenting a new and separate claim for the denial of adequate medical care and pain medication.

Mr. Johnson has presented nothing that would change the court's earlier findings that his claims of inadequate pain management and medication relate to the care he did or did not receive for his broken jaw. *See* Op. and Ord. (May 13, 2013), at 3:

> Mr. Johnson alleges that he has medical conditions that have been diagnosed by doctors, and that he suffers ongoing pain as a result of these conditions. . . . On the second prong, [Mr. Johnson] alleges that Dr. Mitcheff has refused to approve further treatment for these conditions despite the recommendations of medical professionals and has refused to provide medication to alleviate his pain."). The question of whether Mr. Johnson exhausted his administrative remedies relating to separate issues of inadequate medical care and pain medication need not be resolved.

CONCLUSION

Based on the foregoing, the court GRANTS Dr. Mitcheff's motion for partial summary judgment [docket # 22]. Mr. Johnson's amended complaint remains at issue on his claim of improper or inadequate medical care and pain medication relating to the treatment of his broken jaw.

SO ORDERED.

7

ENTERED:  May 22, 2014  

                                           /s/ Robert L. Miller, Jr.  
                                          Judge, United States District Court